GILMAN, J., delivered the opinion of the court, in which TARNOW, D.J., joined. MERRITT, J. (pp. 649-51), delivered a separate dissenting opinion.
OPINION
GILMAN, Circuit Judge.
James W. Boyd, the Chapter 7 bankruptcy Trustee, filed a motion for summary judgment in the United States Bankruptcy Court for the Western District of Michigan that sought to avoid Chase Manhattan Mortgage Corporation’s purported lien on a mobile home owned by the Debtors, Damon J. and Regina M. Kroskie. The bankruptcy court granted the Trustee’s motion for summary judgment. This judgment was reversed on appeal by the United States District Court for the Western District of Michigan, which held that the bankruptcy court had erred in concluding that Chase Manhattan’s lien was invalid and therefore avoidable by the Trustee. For the reasons set forth below, we REVERSE the judgment of the district court and REMAND the case with instructions that the judgment of the bankruptcy court be affirmed.
*646 I. BACKGROUND
The Kroskies are the owners of a Four Seasons mobile home located on their own land. Approximately 10 months prior to filing for Chapter 7 bankruptcy on November 18, 1999, the Kroskies refinanced their real estate and mobile home by borrowing $80,000 from R-B Financial Mortgages, Inc. R-B Financial secured the debt by recording a traditional mortgage with the Wexford County Register of Deeds on January 21, 1999. Simultaneously, the mortgage was assigned to Chase Manhattan.
The bankruptcy court found that, at the time of the mortgage, the mobile home was situated on a full cement-block crawlspace foundation affixed to the land. In addition, the mobile home was connected to electrical lines, a private well, and a septic system. Both the bankruptcy court and the district court held, and the parties agree, that the mobile home was legally a fixture to the real estate. There is complete disagreement below, however, as to whether a mortgage recorded with the Register of Deeds perfects a security interest in an affixed mobile home under Michigan law.
The bankruptcy court held that Michigan’s Mobile Home Commission Act (MHCA), Mich. Comp. Laws §§ 125.2301-125.2350, provides the exclusive method for perfecting a security interest in mobile homes. It reached this conclusion based upon the MHCA provision that “[a]fter December 31, 1978, every mobile home located in this state shall be subject to the certificate of title provisions of this act,” Mich. Comp. Laws § 125.2330(1), and the requirement that “an owner named in a certificate of title ... shall immediately execute an application in the form prescribed by the department showing the name and address of the holder of the security interest.” Mich. Comp. Laws § 125.2330d(l)(a). The MHCA created a Mobile Home Commission with whom all certificates of title and security interests are to be filed. Mich. Comp. Laws § 125.2303.
Because neither R-B Financial nor Chase Manhattan filed anything with the Mobile Home Commission, the bankruptcy court concluded that Chase Manhattan was an unsecured creditor with regard to the Kroskies’ mobile home. The bankruptcy court therefore granted the Trustee’s motion for summary judgment. On appeal, the district court reversed the judgment of the bankruptcy court, holding that Chase Manhattan had perfected its security interest in the affixed mobile home when it recorded its mortgage with the Wexford County Register of Deeds. This appeal by the Trustee followed.
II. ANALYSIS
A. Standard of review
In considering the district court’s reversal of the bankruptcy court’s decision, we independently review the ruling of the bankruptcy court. Longo v. McLaren (In re McLaren), 3 F.3d 958, 961 (6th Cm. 1993). The bankruptcy court’s factual findings will not be set aside unless clearly erroneous, and its conclusions of law are reviewed de novo. Rembert v. AT & T Universal Card Services Inc. (In re Rembert), 141 F.3d 277, 280 (6th Cir.), cert. denied, 525 U.S. 978, 119 S.Ct. 438, 142 L.Ed.2d 357 (1998).
B. The MHCA provides the exclusive method for perfecting a security interest in a mobile home
Pursuant to the MHCA, a security interest in a mobile home may only be perfected by filing an application with the Mobile Home Commission. Mich. Comp. Laws § 125.2330d. Chase Manhattan concedes that it did not comply with the *647 MHCA’s filing requirement. Instead, it recorded its mortgage with the Wexford County Register of Deeds, which under general real property principles would perfect its interest in all fixtures on the Kroskies’ land. Sequist v. Fabiano, 274 Mich. 643, 265 N.W. 488, 489 (1936). This clash between the MHCA and Michigan’s general real property law creates the precise issue to be resolved in the case before us.

1. Interpreting the Michigan statutes and real property law

The bankruptcy court primarily relied on the fact that the filing requirement of the MHCA and Michigan real property law conflict when it comes to the matter of perfecting an interest in a mobile home affixed to real estate. This caused the bankruptcy court to look at principles of statutory construction regarding conflicting statutes. Invoking the principle that a specific statute trumps a more general one when statutes conflict, the bankruptcy court held that the MHCA was the sole method of perfecting a security interest in a mobile home, regardless of its fixture status. In re Kroskie, 258 B.R. 676, 679-80 (Bankr.W.D.Mich.2001) (citing Frank v. William A. Kibbe & Assoc., Inc., 208 Mich. App. 346, 527 N.W.2d 82 (1995), for the proposition that a specific statute prevails over a more general one when statutes conflict).
Indeed, the MHCA specifically applies to mobile homes that are permanently affixed to real property. Mich. Comp. Laws § 125.2302(g) (defining a mobile home as a structure “built on a chassis and designed to be used as a dwelling with or without permanent foundation, when connected to the required utilities”) (emphasis added). This fact renders much of Chase Manhattan’s argument about the fixture status of the Kroskies’ mobile home irrelevant. Because the MHCA clearly applies to a permanently affixed mobile home, the bankruptcy court properly utilized the rule of construction pertaining to conflicting statutes.. In other words, the general rule that a security interest in a fixture can be perfected through a properly recorded mortgage on real estate does not govern where, as here, there is a specific statute dealing with mobile home security interests.
Chase Manhattan, on the other hand, attempts to read parts of Michigan’s Article 9 of the Uniform Commercial Code (UCC) dealing with fixtures as being in harmony with the MHCA’s provisions. This attempt falters, however, because all security interests in fixtures do not have to be perfected under Article 9 as do all security interests in mobile homes under the MHCA. Compare Mich. Comp. Laws § 440.9302(6) (amended 2000) with Mich. Comp. Laws §§ 125.2330(1), 125.2330d, and § 440.9302(4) (amended 2000); see also In re Bencker, 122 B.R. 506, 511 (Bankr. W.D.Mich.1990) (“[T]he specific provisions of [the] Mobile Home Commission Act dictate how legal ownership is transferred, and it governs over the more general provisions of the Uniform Commercial Code.”). For the bankruptcy court, this reasoning was persuasive and applicable to the perfection of security interests in mobile homes.
The district court, on the other hand, determined that the real question deals with the interplay between the general principles of real property law, the UCC, and the MHCA. In particular, the district court focused on the following sentence of the MHCA:
The filing under this section or under section 30a of an application for a certificate of title showing the name and address of the holder of a security interest in a mobile home is equivalent to the filing of a financing statement with respect to the security interest under arti *648 cle 9 of the uniform commercial code
Mich. Comp. Laws § 125.2330d(3) (emphasis added).
The district court reasoned that because the MHCA explicitly provides that a filing pursuant to its provisions is equivalent to the filing of a financing statement under the UCC, this means that alternative methods of perfecting security interests as recognized by the UCC are applicable to mobile homes. In other words, the district court concluded that just because filing under the MHCA was sufficient to perfect a security interest in a mobile home did not mean that it was the exclusive means of perfecting such an interest. Because the UCC recognizes that a security interest in a fixture can be perfected by a mortgage on the subject real estate in lieu of an Article 9 financing statement, Mich. Comp. Laws § 440.9402(6) (amended 2000), the district court determined that this alternative is equally applicable to perfecting a security interest in a mobile home.
We disagree with the district court’s conclusion for two reasons. First, it disregards the MHCA provision that mandates compliance with its terms in order to perfect a security interest in a mobile home. Mich. Comp. Laws § 125.2330d. Secondly, the key Article 9 provision as worded in 1999 expressly provided that “a security interest in property subject to the [MHCA] can be perfected only by compliance therewith .... ” Mich. Comp. Laws § 440.9302(4) (amended 2000) (emphasis added). The UCC, therefore, expressly rules out the gateway to an alternative means of perfecting a security interest in a mobile home that is generally available to fixtures on real estate. Any other interpretation, including the attempts by both Chase Manhattan and the district court to explain away the unambiguous use of the word “only” in the above-quoted language, strikes us as strained and unpersuasive.
As a final argument, Chase Manhattan urges us to look to the UCC and general property1 law in cases such as the one before us where no mobile home creditor has made a filing under the MHCA. Adopting its reasoning, however, would give effect to an unauthorized method of perfecting security interests in a mobile home. Such a result would be at complete odds with the Michigan Legislature’s clear intent to have the MHCA provide the exclusive method of perfecting such security interests, whether or not the mobile home is affixed to real estate. Mich. Comp. Laws § 125.2302(g). We therefore find no merit in Chase Manhattan’s argument.

2. The Trustee’s interest as a judgment lien creditor trumps Chase Manhattan’s unperfected security interest in the mobile home

 For all of the above reasons, we are persuaded that Chase Manhattan did not properly perfect its security interest in the Kroskies’ mobile home. This raises the question of whether Chase Manhattan’s unperfected interest is avoidable by the Trustee. We hold that Chase Manhattan’s interest is avoidable because the Trustee’s interest as a statutory judgment lien creditor is superior to that of an unperfected creditor. Mich. Comp. Laws § 440.9317(l)(b)(i) (providing that “[a] security interest or agricultural lien is subordinate to the rights of ... a person that becomes a lien creditor before the ... time the security interest or agricultural lien is perfected.”); Federal Land Bank of St. Paul v. Bay Park Place, Inc., 162 Mich. App. 1, 412 N.W.2d 222, 225 (1987) (“As noted by the circuit court, NBD’s claim is unperfected and is thus defeated by the judicial liens of Federal Land Bank and Production Credit.”).
As the Trustee has pointed out, the bankruptcy law gives him the status of a *649 judicial lien creditor. Pursuant to Michigan law, an unperfected security interest like Chase Manhattan’s is always subject to a judgment lien. Mich. Comp. Laws § 440.9301(l)(b)(i) (amended 2000). Chase Manhattan did not disagree with this part of the Trustee’s argument, instead contending that its interest is perfected. But as discussed above, such a contention requires a convoluted reading of the Michigan statutes that we believe is contrary to a proper analysis of the applicable provisions of both the MHCA and the UCC.
III. CONCLUSION
For all of the reasons set forth above, we REVERSE the decision of the district court and REMAND the case with instructions that the judgment of the bankruptcy court be affirmed.