**In re Daniel Lee OSWALT and Michelle Arlene Oswalt, a/k/a Michelle Arlene Capp, a/k/a Michelle Arlene Ellsworth, a/k/a Michelle Arlene Theut, Debtors.**

**Marcia R. Meoli, Plaintiff,**

v.

**Citicorp Trust Bank, Defendant.**

**Bankruptcy No. SK 03–04788.
Adversary No. 03–88603.**

United States Bankruptcy Court,
W.D. Michigan.

April 19, 2004.

Robert J. Dutka, Attorney at Law, Three Rivers, MI, for Debtors.

Marcia R. Meoli, Hann Persinger PC, Holland, MI, for Plaintiff.

David G. Hagens, Sarah E. Heineman, Dykema Gossett PLLC, Grand Rapids, MI, for Defendant.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

The principal issue before the Court is whether the July 2003 Amendment to the Mobile Home Commission Act was simply a clarification of the Michigan Legislature's intent; to wit, that a security interest in a mobile home could be perfected under either real estate law or through the Mobile Home Commission Act, or whether it was new law that cannot be applied retroactively.

The claims arising in this adversary proceeding arise in a case referred to this Court by the Standing Order of Reference entered by the United States District Court for the Western District of Michigan on July 24, 1984. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pur-

suant to 28 U.S.C. § 157(b)(2)(K). Accordingly, the Bankruptcy Court is authorized to enter a final judgment subject to the appeal rights afforded by 28 U.S.C. § 158 and Fed. R. Bankr.P. 8001 et. seq.

The following constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052. In reaching its determinations, this Court has considered the parties' motions, responses, briefs and oral arguments.

*Factual History*

The Oswalts owned a mobile home affixed to real property in Constantine, Michigan. CitiCorp Trust Bank (CitiCorp) held the mortgage on the mobile home and the real property, which it recorded on December 19, 2001 with the St. Joseph Register of Deeds. Daniel and Michelle Oswalt (Oswalts or Debtors) filed for relief under Chapter 7 of the Bankruptcy Code on April 11, 2003.

The Chapter 7 Trustee filed an adversary proceeding against Citicorp on September 11, 2003 to avoid an unperfected security interest in the mobile home and property, alleging that interest was not properly perfected under *In re Kroskie,* 315 F.3d 644 (6th Cir.2003).

*The Kroskie Case and Its Progeny*

On February 7, 2001, this Court decided *In re Kroskie,* 258 B.R. 676 (Bankr. W.D.Mich.2001), holding that the terms of the Mobile Home Commission Act (MHCA) controlled the perfection of a security interest in a mobile home situated on real property. Under the MHCA, in order to properly perfect a security interest, a secured party must file an application with the Michigan Department of Commerce. Because the lender in *Kroskie* failed to follow this procedure, the Trustee was allowed to avoid the lien.

The lender appealed, and on December 3, 2001, the District Court for the Western District of Michigan disagreed with this analysis, finding that the MHCA did not conflict with the UCC and real property law. Consequently, the Court held that the Creditor's lien on the mobile home was properly recorded in the real estate records and the lien was not avoidable by the Trustee. *In re Kroskie,* 270 B.R. 446 (W.D.Mich.2001).

The Trustee appealed the District Court's ruling, and on January 14, 2003, the Sixth Circuit Court of Appeals reversed and remanded the case with instructions that the judgment of the Bankruptcy Court be affirmed. The Sixth Circuit recognized that under general property law, the Creditor's interest would have been perfected by filing the mortgage with the register of deeds. However, due to the rules of statutory interpretation, the Michigan Legislature intended that the MHCA specified the only way to perfect a security interest in a mobile home. Consequently, the Creditor's lien was avoidable. *In re Kroskie,* 315 F.3d 644 (6th Cir.2003).

On July 14, 2003, the Michigan Legislature amended the MHCA, with the enactment of Senate Bill No. 425. That Bill stated that the intent of the Act was to allow a security interest on a mobile home affixed to real property to be valid when filed in a manner provided under law for perfecting a lien on real property or by a notation of the security interest on the certificate of title.

Citicorp argues that this Amendment was simply a clarification of the Legislature's intent and should be applied as such. The Trustee however, argues that the Amendment was new law that cannot be applied retroactively because at the time of the filing of this bankruptcy, the Amendment had not yet been enacted.

■ It is well recognized that the date of the filing of the bankruptcy petition is the controlling date for the state of the law regarding the rights of the debtor and creditors. *In the Matter of James*, 4 B.R. 115 (Bankr.W.D.Pa.1980); *United States v. Carpenter*, 5 BCD 577 (Bankr. D.Colo.1979); *In re L.T. Ruth Coal Company*, 66 B.R. 753 (Bankr.E.D.Ky.1986). A claim against a debtor's estate is allowable as of the date of filing of the petition for relief. 11 U.S.C. § 502. A debtor's exemption rights may be determined by that date. 11 U.S.C. § 522. A trustee's ability to avoid a transfer of property, questions regarding whether a transfer of property was effectuated, transferred or perfected and whether a debtor has a legal or equitable interest in property are all dictated by the date of filing. 11 U.S.C. § 544, § 547, § 548.

In this case, the bankruptcy petition was filed on April 11, 2003. The Sixth Circuit Court of Appeals made its ruling in the *Kroskie* case on January 14, 2003, almost three months prior to the Oswalts' bankruptcy. An en banc hearing was denied on April 16, 2003, making the decision final.

■ The Michigan Legislature enacted Senate Bill 425 on July 15, 2003, almost three months after the bankruptcy filing. "A law will not be given retroactive effect unless therein is found a clear declaration of retroactivity." *Rushton v. Schram*, 143 F.2d 554 (6th Cir.1944). The opinions of the State Courts of Michigan are in accord with federal decisions which state that all statutes are to be treated as prospective in operation unless a legislative intent to the contrary clearly appears either by express provisions or by necessary implication. *Martin v. Hadix*, 527 U.S. 343, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999); *Eastern Enterprises v. Apfel*, 524 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998); *Schumacher v. Dept. of Natural Resources*, 256 Mich. App. 103, 663 N.W.2d 921 (2003); *Brooks v. Mammo*, 254 Mich.App. 486, 657 N.W.2d 793 (2002); *Rossow v. Brentwood Farms Development, Inc.*, 251 Mich.App. 652, 651 N.W.2d 458 (2002).

Senate Bill 425 clearly states, "This act is ordered to take immediate effect." The effective date is July 14, 2003. With a clear statement of prospectivity rather than retroactivity, we are unable and unwilling to apply this new law to a bankruptcy case filed before the bill went into effect.

■ We find unconvincing the argument that this was not a new law but simply a clarification. The Bill affirmatively states, "The People of the State of Michigan enact:" Enactment is "the method or process by which a bill in the Legislature becomes law." Black's Law Dictionary 472 (5th ed.1979). Had this simply been a clarification of the old law, there would have been no need for the enactment of a new law.

In addition, as determined in *Kroskie*, prior to the actions of the Michigan Legislature, in order to perfect a security interest in a mobile home, an application was required to be filed with the Michigan Department of Commerce. Under the new law, the secured creditor is required to deliver an affidavit to the Secretary of State on a departmental form; once received the certificate of title for the mobile home is cancelled; a duplicate original of the affidavit is then delivered to the register of deed for the appropriate county; and the affidavit is maintained by the State. This is an entirely different procedure than the one previously required. Consequently, it is apparent that the law did more than merely clarify the Legislature's intent.

### ORDER

For the reasons stated in the attached Opinion, IT IS HEREBY ORDERED that:

1. Defendant, CitiCorp Trust Bank's Motion for Summary Judgment is DENIED;

2. A copy of this Opinion and Order shall be served by first-class United States mail, postage prepaid upon Daniel Lee and Michelle Arlene Oswalt, Marcia R. Meoli, Chapter 7 Trustee, CitiCorp Trust Bank and David G. Hagens, Esq.