*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 04a0382p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: DALE VERNON THRUSH,

*Debtor.*

_____

BYRON CENTER STATE BANK,

*Appellee,*

*v.*

THOMAS R. TIBBLE, Trustee,

*Appellant.*

No. 02-2332

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 02-00478—Robert Holmes Bell, Chief District Judge.

Submitted: March 19, 2004

Decided and Filed: June 4, 2004[*]

Before: BATCHELDER and GIBBONS, Circuit Judges; BEER, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:** Danielle Mason Anderson, DEMING, HUGHEY, CHAPMAN & RICHARDSON, Kalamazoo, Michigan, for Appellant. Ronald J. Vander Veen, CUNNINGHAM DALMAN, Holland, Michigan, for Appellee.

_____

## OPINION

_____

PETER BEER, District Judge. This is an appeal from the District Court's reversal of a Bankruptcy Court decision regarding the lien on a mobile home. For the following reasons, we agree with the findings of the bankruptcy court and reverse the District Court's decision.

_____

[*] This decision was originally issued as an "unpublished decision" filed on June 4, 2004. On September 28, 2004, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

**I.**     In 1998, Clarence Bolser purchased a 1990 Prestige Manufactured Home (mobile home).  The Byron Center State Bank (Bank) financed the purchase and took a security interest in the mobile home. Bolser's certificate of title listed the Bank as the first and only lien holder.   In May, 2001, Dale Vernon Thrush purchased the mobile home from Bolser.  The Bank financed this purchase, as well.  The Bank executed a release of lien on the Bolser certificate of title and simultaneously entered its name on the Bolser certificate of title as the new lien holder.

On June 8, 2001, Thrush filed for bankruptcy.  At that time he had not yet applied for a title in his own name.  He was still holding Bolser's certificate of title.  Thrush did not apply for a new title in his own name until July 2, 2001.  Thereafter, the Department issued a new certificate of title with Thrush appearing as the owner and the Bank appearing as the first and only lien holder.

The bankruptcy trustee initiated an adversary proceeding against the Bank to avoid the Bank's security interest in the mobile home.  The parties filed cross-motions for summary judgment.  The bankruptcy court determined that the Bank had not perfected its security interest in the mobile home because it failed to file its security interest with the Department of Commerce prior to the date of the bankruptcy petition.  The Bank appealed, and the District Court reversed the bankruptcy court holding that the existing title on file which reflected the Bank's security interest in the mobile home continued to be valid.

**II.**     We review directly the decision of the bankruptcy court that comes to us by way of an appeal to the district court, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  *Brady-Morris v. Schilling (In re Knight Trust)*, 303 F.3d 671 (6th Cir. 2002).

The perfection of a security interest in a mobile home is governed by Michigan's Mobile Home Commission Act (MHCA).  Pursuant to the MHCA, a security interest in a mobile home may only be perfected by filing an application with the Mobile Home Commission. *See In re Kroskie*, 315 F.3d 644, 648 (6th Cir. 2003).

Section 30d(1)(b) of the MHCA, M.C.L.A. §125.2330d(1)(b) provides,*" (b)The holder of the security interest shall cause the certificate of title, application, and fee and the copy of the application to be mailed or delivered to the department."* We conclude  that the Bank failed to comply with this provision and, as a result, the lien was not perfected on June 8, 2001.

The District Court's finding that a prior security interest is valid until another title application is delivered to the Department of Commerce supports a doctrine inconsistent with the scheme of the Uniform Commercial Code (UCC).  In this case, the mobile home was sold to a third party.  The Bank was required by statute to perfect its lien despite the fact that the Bank was the same entity involved with both the first and second owners.  Having failed to perfect its security interest, the Bank's lien is subordinated to the interest of the bankruptcy trustee.

**III.**     Accordingly, we REVERSE the decision of the District Court and REMAND the case with instructions that the judgment of the bankruptcy court be affirmed.