*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0141p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: DANIEL and MICHELLE OSWALT,

*Debtors.*

_____

MARCIA R. MEOLI, Chapter 7 Bankruptcy Trustee,

*Plaintiff-Appellant,*

*v.*

CITICORP TRUST BANK,

*Defendant-Appellee.*

No. 05-1075

>

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00317—Robert Holmes Bell, Chief District Judge.

Argued: December 2, 2005

Decided and Filed: April 20, 2006

Before: KENNEDY and GIBBONS, Circuit Judges; DONALD, District Judge.[*]

_____

### COUNSEL

**ARGUED:** Marcia R. Meoli, HANN PERSINGER, Holland, Michigan, for Appellant. Sarah E. Heineman, DYKEMA GOSSETT, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Marcia R. Meoli, HANN PERSINGER, Holland, Michigan, for Appellant. Sarah E. Heineman, John C. Arndts, DYKEMA GOSSETT, Grand Rapids, Michigan, for Appellee.

_____

### OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. A Chapter 7 bankruptcy trustee sought to avoid a security interest in the debtors' affixed mobile home by challenging the security interest as unperfected under Michigan law. The creditor moved for summary judgment in the adversary proceeding, relying on an amendment to the Michigan Mobile Home Commission Act ("MHCA").

---

[*] The Honorable Bernice Bouie Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

1

The bankruptcy court denied summary judgment, and the creditor appealed. On appeal, the United States District Court for the Western District of Michigan reversed the bankruptcy court and granted summary judgment to the creditor. The trustee appealed the summary judgment.

We affirm the grant of summary judgment to the creditor because the security interest in the debtors' affixed mobile home was perfected properly under an amendment to the MHCA. The amendment, despite its enactment after the rights in the bankruptcy estate accrued, clarified the procedure for perfecting security interests in affixed mobile homes. Because the amendment clarified existing law and was not a new law, it relates back to and controls the attachment of the security interest in the debtors' mobile home.

I.

Citicorp granted Daniel and Michelle Oswalt a mortgage on their real property and affixed mobile home in Constantine, Michigan on December 3, 2001. At that time, the MHCA provided a method for perfecting security interests in mobile homes by noting liens on titles. Mich. Comp. Laws §§ 125.2301-125.2350 (1987), *amended by* Mich. Comp. Laws § 125.2330i (2004). Many creditors, however, perfected security interests in mobile homes by recording traditional mortgage liens, especially when the security interests extended to the real property to which the mobile homes were affixed. To perfect its security interest in the Oswalts' mobile home and land, Citicorp recorded a traditional mortgage lien with the St. Joseph County Register of Deeds on December 19, 2001.

After Citicorp recorded a mortgage lien on the Oswalts' mobile home, the Sixth Circuit issued its opinion in *Boyd v. Chase Manhattan Mortgage Corp. (In re Kroskie)*, 315 F.3d 644 (6th Cir. 2003). *Kroskie* was a bankruptcy adversary proceeding in which a Chapter 7 trustee avoided a security interest in a mobile home by challenging the security interest as unperfected under Michigan law. *Id.* The *Kroskie* creditor, like Citicorp, had recorded a traditional mortgage lien instead of availing itself of the MHCA perfection procedure. *Id.* at 646. Finding that the MHCA provided the exclusive means of perfecting mobile home security interests under Michigan law, the Sixth Circuit held that the *Kroskie* security interest was avoidable. *Id.* at 646-49. Under *Kroskie*, security interests recorded as traditional mortgage liens were unperfected and were therefore subordinated in bankruptcy cases to other claims against the estate.

The *Kroskie* decision created chaos in the Michigan mobile home financing market. Potential lenders could not detect existing security interests in affixed mobile homes by title searches because the security interests were no longer recorded as traditional mortgages. First Analysis of S.B. 425, 92nd Leg. Reg. Session (Mich. 2003). In fact, traditional mortgage loans, with their relatively lower interest rates, became unavailable to mobile home owners for purchase money or refinancing. *Id.* Lenders treated all mobile home financing as personal property loans, subject to higher interest rates, because of the method for perfecting the security interests. *Id.*

Because *Kroskie* disrupted the mobile home financing market, the Michigan legislature acted to undo the effect of the Sixth Circuit decision. *See id.* (arguing that the July 2003 amendment would either "render[] the *Kroskie* decision moot" or "reinstate the titling and financing practices that existed before the *Kroskie* decision"). The legislature amended the MHCA on July 14, 2003, to specify that creditors could perfect security interests in mobile homes by recording traditional mortgage liens. Mich. Comp. Laws § 125.2330i (2003) (amending Mich. Comp. Laws §§ 125.2301-125.2350 (1987)). The Michigan legislature also included a statement of intent in the Enacting Section of the amendment:

> It is the intent of this legislature that a security interest or lien on a mobile home affixed to real property may be perfected in the manner provided under law for

perfecting a lien on real property, and not exclusively by a notation of the security interest or lien on the certificate of title.

Enacting Section 1, Pub. Act No. 44, S.B. 425 (2003).

Before the Michigan legislature amended the MHCA and after the *Kroskie* decision, the Oswalts filed a Chapter 7 bankruptcy proceeding on April 11, 2003. The bankruptcy trustee filed an adversary proceeding on September 11, 2003, to avoid Citicorp's security interest in the Oswalts' mobile home. Because the security interest was recorded as a traditional mortgage and not as a notation on the Oswalts' title, the trustee argued that Citicorp's security interest was unperfected under *Kroskie*. Citicorp moved for summary judgment, arguing that its security interest was perfected under the amendment to the MHCA. The bankruptcy court denied the motion for summary judgment, and Citicorp appealed to the United States District Court for the Western District of Michigan. The district court reversed the bankruptcy court and granted summary judgment to Citicorp, holding that the security interest in the Oswalts' mobile home was perfected by the MHCA amendment because that amendment was not a new law but a clarification of the law as it existed when Citicorp recorded its mortgage. The trustee appealed to this court, maintaining that the security interest was unperfected because the amendment to the MHCA was a new law without retroactive application.

During the pendency of this appeal, the Michigan legislature again amended the MHCA. Mich. Comp. Laws § 125.3330i(6) (2004) (amending Mich. Comp. Laws § 125.2330i (2003)). The legislature added language to the prior amendment, indicating that it applies retroactively and that traditional mortgages recorded before the *Kroskie* decision are perfected security interests. *Id.* The added language deals directly with the situation where the creditor recorded a traditional mortgage lien but not a security interest:

> The lien or security interest on a mobile home . . . is perfected against the mobile home if the holder of the lien or security interest in both the mobile home and the real property to which it is affixed on July 14, 2003 has perfected a lien on the real property as provided under law for perfecting a lien on real property. The date of perfection of the lien or security interest of the mobile home is the date of perfection of the lien on real property to which the mobile home is affixed on July 14, 2003.

*Id.* The Michigan legislature further provided that "[t]his section applies to all transactions, liens, and mortgages within its scope even if the transaction, lien, or mortgage was entered into or created before July 14, 2003." *Id.* at § 125.3330i(10).

On *de novo* review, we find that the amended MHCA applies to this case and we affirm the district court's decision.[1] *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

II.

Citicorp's security interest in the Oswalts' mobile home is perfected under the new language of the MHCA. §§ 125.2330i(6), (10). The October 4, 2005, amendment governs the factual situation

---

[1] "When we review bankruptcy decisions [of district courts], our standard of review is slightly different from our normal standard of review because district courts are not the triers of fact of bankruptcy cases." *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993). Bankruptcy courts make initial findings of fact, which bind the district courts on appeal. *Id.* Accordingly, we also are bound by the bankruptcy courts' findings of fact unless they are clearly erroneous. *Id.* Conclusions of law, however, are reviewed *de novo* by the district courts. *Id.* "If the district court's decision is appealed to this court, then we review the district court's conclusions of law *de novo.*" *Id.*

of this case, even though the amendment was enacted after Citicorp recorded a mortgage lien in the Oswalts' mobile home and the Oswalts filed for bankruptcy. *See id.* (stating that the amendment applies to all mortgages and security interests even if recorded prior to its enactment or the enactment of the earlier amendment). The amendment's language and the circumstances under which it was enacted indicate that the Michigan legislature intended it to clarify the perfection procedures for security interests in affixed mobile homes.

Under Michigan law, generally, an amendment operates prospectively and changes the law. *See Cipri v. Bellingham Frozen Foods, Inc.*, 539 N.W.2d 526, 528-29 (Mich. Ct. App. 1995). This general rule does not apply, however, to "[a]n amendment made soon after controversies arise in regard to a statute." *People v. Berg*, 272 N.W.2d 167, 169 (Mich. Ct. App. 1978). "When [an] amendment [is] passed in the midst of controversy over a provision's meaning, the usual presumption that an amendatory act declares new law is overcome and a legislative intent to clarify rather than to change the law may be inferred." *Workman v. Detroit Auto. Inter-Ins. Exch.*, 274 N.W.2d 373, 391 (Mich. 1979); *see also Detroit Edison Co. v. Dep't of Revenue*, 31 N.W.2d 809, 816 (Mich. 1948) ("In view of the factual situation existing at the time of the amendment[,] it is a logical conclusion that the primary purpose of the legislature . . . was to clarify the statute because of the difference of opinion."). The legislative intent to clarify permits construction of the amendment as "a legislative interpretation of the original act rather than a substantial change of it." *Berg*, 272 N.W.2d at 169. The amendment therefore explains how the legislature intended the original statute to operate, and the amendment applies retroactively as if it was enacted as part of the original statute. *See People v. Sheeks*, 625 N.W.2d 798, 801 (Mich. Ct. App. 2001) ("[A]n amendment may apply retroactively where the Legislature enacts an amendment to clarify an existing statute and to resolve a controversy regarding its meaning."); *Allstate Ins. Co. v. Faulhaber*, 403 N.W.2d 527, 529 (Mich. Ct. App. 1987) ("[W]hen a statute is uncertain, any amendment adopted which serves to clarify the uncertainty is ordinarily given retroactive effect.").

The October amendment to the MHCA applies retroactively because the legislature enacted it to clarify the pre-*Kroskie* version of the MHCA and to resolve the controversy about perfection created by the *Kroskie* decision. The *Kroskie* decision reflected simply our court's interpretation of the required procedure for perfecting a security interest in an affixed mobile home under Michigan law. Because the MHCA provided a method of perfection, but creditors still perfected with traditional mortgage liens, we guessed incorrectly that the Michigan legislature intended creditors to perfect their security interests exclusively under the MHCA. Our opinion about the proper perfection method spawned greater confusion as creditors changed their financing practices to perfect under the MHCA. Confronted with this confusion and the accompanying disruption of the mobile home financing market, the Michigan legislature amended the MHCA in July 2003. The amendment, as evidenced by its plain language, enacting section, and legislative history, clarified the legislature's intent that creditors have the option of perfecting their security interests by the recording of traditional mortgage liens.

This clarification did not quell all confusion about the proper perfection procedure. Numerous cases such as this one were apparently filed in the bankruptcy courts as debtors and trustees challenged security interests as unperfected. *See* Letter from Marcia R. Meoli, Chapter 7 Trustee, Oswalt Bankruptcy Estate, to Leonard Green, Clerk of Court, United States Court of Appeals, Sixth Circuit (Nov. 2, 2005) (on file with the Clerk of Court) (discussing pending "*Kroskie*" cases). Realizing that confusion remained about the proper method of perfection and what method was proper at various times of attachment, the Michigan legislature again amended the MHCA. The October amendment was a second attempt by the Michigan legislature to clarify the proper procedure for perfecting security interests in affixed mobile homes. The amendment emphasizes that security interests recorded as traditional mortgage liens are perfected under Michigan law notwithstanding the *Kroskie* decision. Because the October amendment clarifies Michigan perfection procedures, the amendment must be given retroactive effect. We conclude that

the Michigan legislature intended the October amendment to apply to security interests taken in affixed mobile homes prior to its enactment. Our conclusion is supported by the language of the October amendment: the amendment states explicitly that it applies to mortgages recorded prior to July 14, 2003, and it contains a separate retroactivity clause.

As the October amendment applies retroactively to security interests recorded as traditional mortgage liens prior to July 14, 2003, the October amendment applies to Citicorp's security interest in the Oswalts' mobile home. The security interest was perfected as a traditional mortgage lien on December 19, 2001, and by the plain language of the October amendment, the recording of the mortgage lien perfected Citicorp's security interest in the Oswalts' mobile home. Therefore, the trustee cannot avoid the security interest as unperfected under Michigan law.

### III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Citicorp.