*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0017n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: DIANN COLBERT | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| DIANN COLBERT, | ) |
| Appellant, | ) No. 06-8046 |
| v. | ) |
| RICHARD A. BAUMGART, | ) |
| Appellee. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division, at Cleveland.
No. 05-93234.

Argued: February 7, 2007

Decided and Filed: December 20, 2007

Before: LATTA, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Robert M. Stefancin, SCHOTTENSTEIN, ZOX & DUNN, Cleveland, Ohio, for
Appellant. Richard A. Baumgart, DETTELBACH, SICHERMAN & BAUMGART, Cleveland,
Ohio, for Appellee. **ON BRIEF:** Robert M. Stefancin, M. Collette Gibbons, Taylor M. Wesley,
SCHOTTENSTEIN, ZOX & DUNN, Cleveland, Ohio, for Appellant. Richard A. Baumgart, Lisa
A. Vardzel, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellee.

## OPINION

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Diann Colbert ("Debtor") appeals an order of the bankruptcy court sustaining the Trustee's objection to the Debtor's claimed exemption of the Earned Income Tax Credit ("EITC") as "personal earnings."

## I. ISSUE ON APPEAL

The issue raised by this appeal is whether the EITC is exempt under Ohio Revised Code § 2329.66(A)(13).

## II. JURISDICTION AND STANDARD OF REVIEW

The Sixth Circuit Bankruptcy Appellate Panel has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (citations omitted). An order on an objection to a debtor's claim of exemption is a final order for purposes of appeal. *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998).

The Bankruptcy Appellate Panel reviews conclusions of law *de novo*. *Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 447 F.3d 461 (6th Cir. 2006); *Meoli v. Citicorp Trust Bank (In re Oswalt)*, 444 F.3d 524 (6th Cir. 2006). A bankruptcy court's application or interpretation of state law is a conclusion of law. *See Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 623 (B.A.P. 6th Cir. 2005). Interpretation of a state's exemption

statute involves a question of law and is reviewed *de novo*. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999).

*De novo* review requires the "appellate court [to determine] the law independently of the trial court's determination." *O'Brien v. Ravenswood Apartments, Ltd. (In re Ravenswood Apartments, Ltd.)*, 338 B.R. 307, 310 (B.A.P. 6th Cir. 2006) (citing *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001)). Essentially, the reviewing court decides the issue as if it had not been heard before. *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006). No deference is given to the trial court's conclusions of law. *Id*. at 302.

### III.  FACTS

The Debtor, Diann Colbert, is the single mother of two minor children. In 2005, Ms. Colbert was employed as a home health care aide earning less than $7,000. Ms. Colbert had no other source of income in that year and received no child support. She is the sole wage earner for her family. In June of 2005, the Debtor's car was repossessed when she was unable to make car payments. She also was unable to pay delinquent utility and medical bills, and thus sought the assistance of the Legal Aid Society of Cleveland. She was referred to counsel who assisted her in filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005. Richard A Baumgart was appointed Chapter 7 trustee ("Trustee").

On January 24, 2006, Ms. Colbert filed her 2005 federal and state income tax returns, providing copies to the Trustee. The federal tax return showed no tax withheld or due as the result of the Debtor's meager earnings, and was filed in order for Ms. Colbert to claim the Earned Income Tax Credit. As the result of filing her state and federal returns, she received a state income tax refund of $70 and an EITC in the amount of $2,750.

On May 17, 2006, the Trustee filed a motion seeking the turnover of a portion of the funds received by Ms. Colbert, allocating the EITC into pre and post-petition portions. The Trustee

indicated that the Debtor had failed to identify these funds as exempt property. Ms. Colbert responded by filing an amendment to her Schedule C asserting that her EITC was exempt property under Ohio Revised Code §§ 2329.66(A)(4)(a) (exempting tax refunds and wages up to $400), 2329.66(A)(11) (exempting a person's "right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person or any of the person's dependents"), and 2329.66(A)(13) (exempting "personal earnings owed to a person for services in an amount equal to the greater of [certain amounts]"). The Trustee conceded that a certain portion of the EITC could be claimed as exempt pursuant to § 2329(A)(4)(a), but objected that the EITC did not represent support for purposes of § 2329.66(A)(11) or personal earnings for purposes of § 2329.66(A)(13). After conducting hearings, the bankruptcy court agreed, denying the claims of exemption pursuant to §§ 2329.66(A)(11) and (A)(13), and ordered the Debtor to turn over $1,432.80 to the Trustee. The Debtor filed a timely notice of appeal, but has abandoned her argument pursuant to § 2329.66(A)(11). This appeal raises the sole issue of whether the EITC may be exempted as "personal earnings owed to the person for services" pursuant to Ohio Revised Code § 2329.66(A)(13).

## IV. DISCUSSION

As an initial matter, the Debtor's claim of exemption enjoys a presumption of validity. The burden rests with the Trustee to show that the Debtor's claim of exemption is not justified. Moreover, Ohio courts follow the general principle that exemption statutes should be liberally construed in favor of the debtor wherever possible. *Daugherty v. Cent. Trust Co.,* 504 N.E.2d 1100, 1104 (Ohio 1986); *Dennis v. Smith*, 180 N.E. 638, 640 (Ohio 1932). When two possible interpretations of an exemption provision exist, the court should adopt the interpretation that is most favorable to the debtor. *In re Lewis*, 327 B.R. 645, 648 (Bankr. S.D. Ohio 2005).

Ohio is an "opt out" state for purposes of the Bankruptcy Code. See 11 U.S.C. § 522(b)(1), and Ohio Rev. Code Ann. § 2329.662. This means that an Ohio debtor may only claim property

exempt from her bankruptcy estate pursuant to Ohio law.  The Ohio Supreme Court has not decided the issue raised in this appeal.  Therefore, this Panel must attempt to predict what that court would do if confronted with the same question.  *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir.  2006).

Ohio Revised Code § 2329.66(A)(13) provides in pertinent part:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows:
> . . . .
>
> (13) Except as otherwise provided in sections 3119.80, 3119.81, 3121.01, 3121.03, and 3123.06 of the Revised Code, personal earnings of the person owed to the person for services in an amount equal to the greater of the following amounts:
>
> > (a) If paid weekly, thirty times the current federal minimum hourly wage; if paid biweekly, sixty times the current federal minimum hourly wage . . . ;
> >
> > (b) Seventy-five percent of the disposable earnings owed to the person.

Ohio Rev. Code Ann. § 2329.66(A)(13).  The Ohio courts have not defined "personal earnings" for purposes of this section, but have done so with respect to a related statute concerning garnishments, section 2716.01, where "personal earnings" is defined as "money or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer."

The Debtor argues that her EITC was incorrectly denominated or equated with a tax refund by the bankruptcy court even though she paid no income taxes.  The Debtor further argues that the EITC is a wage supplement that is provided to low income wage earners to provide them an incentive to work rather than receive public assistance.  The Debtor argues that the EITC is precisely the type of property that the Ohio legislature intended to shield from the reach of creditors in order to provide persons a minimal standard of living.

Similar arguments were made by the petitioner in a case decided by the United States Supreme Court concerning the EITC. In *Sorenson v. Sec'y of the Treasury*, 475 U.S. 851, 106 S. Ct. 1600 (1986), the Court determined that the EITC might be intercepted for payment of delinquent child support in the same manner as refunds of taxes.

Congress created the EITC in 1975, "to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income . . . to stimulate the economy by funneling funds to persons likely to spend the money immediately and to provide relief for low-income families hurt by rising food and energy prices." *Id.* at 864 (citing S. Rep. No. 94-36, pp. 11, 33 (1975); H.R. Rep. No. 94-19, pp. 3-4, 39-31 (1975)). The EITC is a credit against federal income tax otherwise owed calculated as a percentage of income up to a phase out amount. *See* 26 U.S.C. § 32(a)(1). Unlike other tax credits, however, "the EITC is 'refundable,' which means that 'if the amount of the credit exceeds the taxpayer's Federal income tax liability, the excess is payable to the taxpayer as a direct transfer payment.'" Jennifer E. Spreng, *When "Welfare" Becomes "Work Support": Exempting Earned Income Tax Credit Payments in Consumer Bankruptcy*, 78 Am. Bankr. L.J. 279, 281 (2004) (quoting Staff of House Ways and Means Comm., 108th Cong., Background Material and Data on Programs Within the Jurisdiction of the Committee on Ways and Means 13-36 (Comm. Print 2004)). Further, wage earners may elect to receive advance payments of their credit with their regular paychecks. *See* 26 U.S.C. § 3507. For a person with two qualifying children and annual earned income less than $8,890, such as the Debtor, the credit is equal to forty percent of her earned income. *See* 26 U.S.C. § 32(b)(1) and (2). That is, the wages of these workers are supplemented by forty percent. In the Debtor's case, her gross income of $6,894 was supplemented by an EITC in the amount of $2,750, bringing her annual income to $9,644. The EITC thus represented roughly 29% of her annual income.

Congress and the courts have struggled with how to conceptualize the EITC. From the perspective of the Internal Revenue Service, it is treated as a refund of tax. From the perspective of

the overall public welfare system, it has come to replace previous direct public assistance benefits. But from the perspective of qualified, working individuals, it functions as a wage supplement.

The Trustee argues that the EITC "is not a payment owed to the Debtor for services performed and thus, is not exempt under [Ohio Rev. Code Ann. § 2329.66(A)(13)]." (Appellee Br. 4.) His primary argument relies upon the "plain meaning" of the statute – "the Debtor's entitlement to the Tax Refund was [not] the result of services performed by the Debtor." (Appellee Br. 5.) The Trustee further argues that the EITC is a tax refund and thus not personal earnings, as if it must be one or the other. The outcome of this case does not turn on whether the EITC is a tax refund, however.

Exemptions are to be liberally construed in favor of the debtor. The task of the Panel is to determine whether the Ohio statute is *capable* of being read so as to include the EITC. The Debtor is correct in saying that unless she had performed services for her employer, she would not have been entitled to the EITC. This does not mean, however, that the EITC is personal earnings within the meaning of the Ohio statute. Although it could be said that the Debtor became *entitled to* the EITC as the result of services she performed for her employer, we cannot say that she *earned* the EITC. A worker *earns* his wages by his labor, pursuant to a contract between the worker and his employer by which the worker offers his services *in exchange for* his wages. In no sense can we say that the EITC is given *in exchange for* labor. This reading is consistent with Ohio Revised Code § 2716.01, which, as noted previously, defines "personal earnings" for purposes of garnishment as "money or any other consideration or thing of value, that is paid or due to a person *in exchange for* work, labor, or personal services provided by the person to an employer." (Emphasis added). Moreover, this reading is consistent with the language which follows the words "personal earnings" in Ohio Revised Code § 2329.66(A)(13), "owed to the person for services."

The Panel's interpretation, along with that of the bankruptcy court, is supported by a decision of the bankruptcy court in the Southern District of Ohio. *See In re Minton*, 348 B.R. 467, 472 (Bankr. S.D. Ohio 2006). It is also in line with decisions of the Tenth Circuit Bankruptcy Appellate

Panel construing similar exemption provisions under Wyoming and Oklahoma law. *See In re Trudeau*, 237 B.R. 803, 806 (B.A.P. 10th Cir. 1999) (panel concluding that EITC is not "earnings" under Wyoming exemption statute); *In re Dickerson,* 227 B.R. 742, 746 (B.A.P. 10th Cir. 1998) (panel concluding that EITC is not "earnings from personal services" under Oklahoma exemption statute).

The Debtor argues that the EITC is a wage supplement and thus should be considered as personal earnings for purposes of section 2329.66(A)(13). The Debtor makes a compelling argument that the EITC *should be* exempt under the state's exemption statutes because of the important public function that it serves. The Debtor does not offer a compelling argument that the EITC *is* exempt under present law, however. In this instance, the Debtor asks that the Panel treat the EITC *as if* it were earnings. Unfortunately, this is a policy argument intended to bring a result that is reserved to the legislature.

## CONCLUSION

For the foregoing reasons, the Panel concludes that read in the light most favorable to the Debtor, Ohio Revised Code § 2329.66(A)(13) is not capable of the reading urged by the Debtor. The EITC is not exempt pursuant to that section because it does not constitute "personal earnings owed to the person for services." The decision of the bankruptcy court is AFFIRMED.