MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC
v PICKRELL

Docket No. 265717. Submitted February 28, 2006, at Lansing. Decided
May 16, 2006, at 9:10 a.m.

Mortgage Electronic Registration Systems, Inc., brought an action in
the Jackson Circuit Court against Tracy L. Pickrell (hereafter
defendant) and others, seeking to enforce its mortgage lien against
a mobile home. The plaintiff had been assigned a lender's mort-
gage interest in the realty on which the mobile home was sited.
The mortgage, which encumbered the realty and the present and
future improvements and fixtures thereon, was recorded on June
4, 1999. The circuit court, Charles A. Nelson, J., denied summary
disposition for the plaintiff, which had contended that its security
interest in the mobile home had been perfected when the mortgage
was recorded, and granted summary disposition for the defendant
on the basis that the plaintiff had not perfected its security
interested in the mobile home because it failed to comply with the
Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq.*, by
having the security interest noted on the mobile home's certificate
of title. The plaintiff appealed.

The Court of Appeals *held*:

1. The circuit court erred because the plaintiff can enforce its
lien against the mobile home on the basis that the plaintiff had
recorded its mortgage interest in the real property and its fixtures,
including the mobile home affixed to the real property, before July
14, 2003. Although the MHCA provides for the titling of mobile
homes and recording security interests in those mobile homes,
MCL 125.2330c(5), if a mobile home was affixed to real property
before July 14, 2003, the holder of a lien or security interest in
both the mobile home and the real property to which it is affixed
that was filed before that date, may enforce the lien or security
interest by accepting a deed in lieu of foreclosure or in the manner
provided by law for enforcing liens on the real property, MCL
125.2330i(6), as amended by 2005 PA 162. The plaintiff had a
security interest in the mobile home as an attachment to the real
property under the mortgage, which was perfected under MCL
125.2330i(6).

2. MCL 125.2330i(6), as amended by 2005 PA 162, applies to this case retroactively because it was enacted to clarify an existing statute and to resolve a controversy regarding its meaning. The Legislature intended to remedy the misinterpretation that another case had given the prior version of the MHCA.

Reversed and remanded for further proceedings.

Mortgages — Mobile Homes — Mobile Home Commission Act.

The holder of a mortgage interest recorded before July 14, 2003, in real property and a mobile home affixed to that realty before July 14, 2003, may enforce the lien against the mobile home by accepting a deed in lieu of foreclosure or in the manner provided by law for enforcing liens on the real property (MCL 125.2330i[6]).

*Trott & Trott, P.C.* (by *Amy Neumann*), for Mortgage Electronic Registration Systems, Inc.

*Law Office of Robert Flack* (by *Jessica J. Schirmacher*) for Tracy L. Pickrell.

Before: Hoekstra, P.J., and Wilder and Zahra, JJ.

Zahra, J. Plaintiff appeals as of right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of defendant. In this case we address the perfection of security interests in mobile homes under the Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq*. As a general matter, the MHCA provides the sole method of perfecting a security interest in a mobile home. However, the MHCA expressly provides that, under certain conditions, the security interest in a mobile home that is affixed to real property before July 14, 2003, can be perfected pursuant to real property law. In this case, the mobile home was affixed to real property before July 14, 2003. Because plaintiff had recorded its mortgage in the real property and attachments by July 14, 2003, we conclude

that plaintiff can enforce its lien against the mobile home. We reverse and remand.[1]

### I. BASIC FACTS AND PROCEDURE

On May 26, 1999, Approval One Financial Service (Approval One) loaned $56,950 to defendant Tracy L. Pickrell for her purchase of a parcel of real property and an affixed[2] "mobile home."[3] An appraisal valued the parcel of land at $12,000 and the affixed mobile home at $52,920. Approval One secured its interest by obtaining a mortgage that encumbered the parcel of real property "[t]ogether with all the improvements . . . and fixtures now or hereafter a part of the property." Approval One recorded the mortgage on June 4, 1999, with the register of deeds. Approval One assigned the mortgage to plaintiff and plaintiff subsequently recorded the assignment. Defendant defaulted on the mortgage. Plaintiff purchased the subject property at a sheriff's sale and defendant did not redeem the property.

Unable to locate the certificate of title for the mobile home in defendant Michigan Department of State's

---

[1] This appeal is being decided without oral argument pursuant to MCR 7.214(E).

[2] "A mobile home is 'affixed' to real property if it meets all of the following: (i) The wheels, towing hitches, and running gear are removed. (ii) It is attached to a foundation or other support system." MCL 125.2330i(11)(a). Although defendant claims on appeal that the mobile home was not "legally affixed," there is no dispute that the wheels, hitches, and running gear were removed from the mobile home and the mobile home was attached to a cement foundation.

[3] The parties use the terms "manufactured house" and "mobile home" interchangeably in their briefs. The MHCA defines "mobile home" to mean "a structure, transportable in 1 or more sections, which is built on a chassis and designed to be used as a dwelling with or without permanent foundation, when connected to the required utilities . . . ." MCL 125.2302(g). For purposes of the MHCA, it appears that the terms are synonymous.

(MDOS) records, plaintiff filed suit, naming Pickrell, any other owners or claimants to the property, and the MDOS[4] as defendants. Plaintiff and defendant filed cross-motions for summary disposition. Defendant relied on *In re Kroskie*, 315 F3d 644 (CA 6, 2003), a bankruptcy case, for the proposition that the MHCA provides the sole method for perfecting a security interest in a mobile home regardless of the mobile home's status as a fixture. Accordingly, defendant argued that because plaintiff had not perfected its security interest in the mobile home pursuant to the MHCA, the mobile home was not sold at the sheriff's sale. Plaintiff contended that it had perfected its security interest in the mobile home under real property law. Following a hearing, the trial court granted summary disposition in favor of defendant and denied plaintiff's motion for summary disposition. The trial court agreed with defendant that plaintiff had not perfected its security interest in the mobile home because it failed to comply with the MHCA by having its security interest noted on the mobile home's certificate of title. The trial court denied plaintiff's motion for reconsideration, and this appeal ensued.

II. LEGAL BACKGROUND: THE MOBILE HOME COMMISSION ACT

In 1987, the Legislature passed the MHCA in part "to provide for the titling of mobile homes . . . ." 1987 PA 96, title. MCL 125.2330(3) states that, "[a]fter December 31, 1978, a mobile home shall not be sold or transferred except by transfer of the certificate of title for the mobile home pursuant to this act." Further, "[i]f a security interest is created or reserved at the time of the transfer," MCL 125.2330c(5) states that the parties

---

[4] Plaintiff and the MDOS stipulated that the MDOS was not required to appear in the action.

must comply with MCL 125.2330d, which specifically requires the holder of the security interest to file the certificate of title, an application for a new certificate of title (indicating the holder's security interest), and the appropriate fee with the Department of Commerce. This filing is then deemed "equivalent to filing a financing statement under the uniform commercial code . . . ." MCL 125.2330d(3).

In *In re Kroskie*, the owners of a mobile home borrowed $80,000 to refinance their mobile home and the land on which it was affixed.[5] The lender filed a mortgage with the register of deeds to secure its interests in both the land and the mobile home. Later, when the Kroskies filed for bankruptcy protection, the bankruptcy trustee argued that the lender did not have a perfected security interest in the mobile home because the lender did not have its interest noted on the mobile home's certificate of title as required by the MHCA. *In re Kroskie, supra* at 646.

The United States Court of Appeals for the Sixth Circuit held that the MHCA provided the exclusive method for perfecting a security interest in a mobile home. *Id.* The court reasoned that, because the MHCA applies specifically to affixed mobile homes under the definition of a "mobile home" given in MCL 125.2302(g),[6] the specific statute supersedes the general rule of property law. *Id.* at 647. The court concluded that "the Michigan Legislature's clear intent [was] to have the MHCA provide the exclusive method of per-

---

[5] In *In re Kroskie*, the United States Court of Appeals for the Sixth Circuit addressed whether a mobile home can be perfected under real property law as a fixture. In *Ottaco, Inc v Gauze*, 226 Mich App 646, 651-652; 574 NW2d 393 (1997), this Court concluded that under real property law, a mobile home could be a fixture.

[6] See n 3.

fecting such security interests, whether or not the mobile home is affixed to real estate." *Id.* at 648. Because the lender did not indicate its security interest on the certificate of title as required by MCL 125.2330d, the court in *In re Kroskie* concluded that the lender failed to perfect its security interest in the affixed mobile home. *Id.*

Just six months after *In re Kroskie* was decided, the Michigan Legislature enacted MCL 125.2330i, which stated, in pertinent part:

> (6) If a mobile home is affixed to real property before the effective date of the amendatory act that added this section, a person who is the holder of a lien or security interest in both the mobile home and the real property to which it is affixed on the effective date of the amendatory act that added this section may enforce its liens or security interests by accepting a deed in lieu of foreclosure or in the manner provided by law for enforcing liens on the real property. [See 2003 PA 44.]

The amendment also created an optional procedure by which the owner of a mobile home affixed to real property could cancel the certificate of title and have the mobile home treated as part of the real property. MCL 125.2330i(1) through (5).

However, in 2005, the Legislature amended 125.2330i, in part, to state:

> (6) If a mobile home is affixed to real property before July 14, 2003, a person who is the holder of a lien or security interest in both the mobile home and the real property to which it is affixed on July 14, 2003 may enforce its liens or security interests by accepting a deed in lieu of foreclosure or in the manner provided by law for enforcing liens on the real property. The lien or security interest on a mobile home described in this subsection is perfected against the mobile home if the holder of the lien or security interest in both the mobile home and the real property to

which it is affixed on July 14, 2003 has perfected a lien on the real property as provided under law for perfecting a lien on real property. The date of perfection of the lien or security interest of the mobile home is the date of perfection of the lien on the real property to which the mobile home is affixed on July 14, 2003.

\* \* \*

(10) This section applies to all transactions, liens, and mortgages within its scope even if the transaction, lien, or mortgage was entered into or created before July 14, 2003. [See 2005 PA 162.]

### III. ANALYSIS

#### A. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." Summary disposition is appropriate under MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." Accordingly, when deciding a motion under MCR 2.116(C)(10), this Court reviews "the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." [*Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 713; 706 NW2d 426 (2005) (citations omitted).]

This Court also reviews de novo questions of statutory interpretation. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003).

B. THE 2003 AND 2005 AMENDMENTS OF THE MHCA

"Generally, a statute is presumed to operate prospectively unless the Legislature either expressly or impliedly indicates an intention to give the statute retroactive effect." *Allstate Ins Co v Faulhaber*, 157 Mich App 164, 166; 403 NW2d 527 (1987), citing *Selk v Detroit Plastic Products*, 419 Mich 1, 9; 345 NW2d 184 (1984). An amendment may apply retroactively where the Legislature enacts an amendment to clarify an existing statute and to resolve a controversy regarding its meaning. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 337, 582 NW2d 767 (1998); *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477, 513; 274 NW2d 373 (1979) (opinion by LEVIN, J.)

The Sixth Circuit recently revisited the MHCA and considered it in light of the amendments enacted in 2003 and 2005. *In re Oswalt*, 444 F3d 524 (CA 6, 2006). In addressing the 2003 amendment, the court concluded that "[t]he amendment, as evidenced by its plain language, enacting section, and legislative history, clarified the legislature's intent that creditors have the option of perfecting their security interests by the recording of traditional mortgage liens." *Id*. at 529. The court also found:

> The October [2005] amendment was a second attempt by the Michigan legislature to clarify the proper procedure for perfecting security interests in affixed mobile homes. The amendment emphasizes that security interests recorded as traditional mortgage liens are perfected under Michigan law notwithstanding the *Kroskie* decision. Because the October amendment clarifies Michigan perfection procedures, the amendment must be given retroactive effect. We conclude that the Michigan legislature intended the October amendment to apply to security interests taken in affixed mobile homes prior to its enactment. Our

conclusion is supported by the language of the October amendment: the amendment states explicitly that it applies to mortgages recorded prior to July 14, 2003, and it contains a separate retroactivity clause. [*Id.*]

We agree with the conclusions reached by the Sixth Circuit. The 2003 and 2005 amendments clarified the meaning of the MHCA and resolved any dispute regarding the proper application of the MHCA. In enacting the amendments, the Legislature intended to remedy the misinterpretation that *In re Kroskie* had given the MHCA. Thus, the amendments may be applied retroactively.[7] *Adrian School Dist, supra.*

### C. PLAINTIFF'S SECURITY INTEREST IN THE MOBILE HOME

When interpreting a statute, this Court looks first to the language of the statute and gives the words used their plain and ordinary meaning. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). "If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required." *Atchison v Atchison*, 256 Mich App 531, 535; 664 NW2d 249 (2003), citing *DiBenedetto, supra* at 402.

We conclude that plaintiff perfected its security interest in the affixed mobile home when it recorded a mortgage that encumbered both the real property and all fixtures. Here, the mobile home at issue was affixed to the real property before July 14, 2003. Defendant held a mortgage on the real property that encumbered "all the improvements . . . and fixtures now or hereafter a part of the property." The mortgage had been properly

---

[7] We reiterate that the 2005 amendment expressly limits perfection of security interests in "a mobile home [that] is affixed to real property *before July 14, 2003* . . . ." MCL 125.2330i(6) (emphasis added).

recorded as of July 14, 2003. Under the 2005 amended language, "[t]he lien or security interest on a mobile home . . . is perfected against the mobile home if the holder . . . has perfected a lien on the real property as provided under law for perfecting a lien on real property." MCL 125.2330i(6). Thus, plaintiff had a security interest in the mobile home as an attachment to the real property under the mortgage, which was perfected under MCL 125.2330i(6) when the mortgage was recorded.

Defendant argues in her brief that MCL 125.2330i(6) allows a mortgage to "cover a mobile home and real estate together if, and only if, a security interest was already perfected in both the mobile home and the real property as of July 13, 2003 . . . ." However, MCL 125.2330i(6) does not require that the security interest in the mobile home and the real property be perfected. Rather, MCL 125.2330i(6) states that "a person who is the holder of a lien or security interest in both the mobile home and the real property to which it is affixed on July 14, 2003 may enforce its liens or security interests by accepting a deed in lieu of foreclosure or in the manner provided by law for enforcing liens on the real property." MCL 125.2302(n) defines several terms, including, "[s]ecurity interest," "security agreement," "secured party," and "termination statement" to "have the same meanings as in the uniform commercial code," which defines "[s]ecurity interest," in part, as "an interest in personal property or fixtures which secures payment or performance of an obligation." MCL 440.1201(37). The "[p]erfection of a security interest," however, refers to "the process whereby a security interest is protected, as far as the law permits, against competing claims to the collateral . . . ." Black's Law Dictionary (6th ed). "[A] court may read nothing into an unambiguous statute that is not within the manifest

intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), citing *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999). We reject defendant's argument because nothing in MCL 125.2330i(6) requires the security interests in the mobile home and the real property be perfected.

### IV. CONCLUSION

We reverse the trial court's order granting summary disposition in favor of Pickrell and remand for further proceedings. We do not retain jurisdiction.

Reversed and remanded.