*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAQUAN SHAWNELL GORDON, JR.,

       Defendant-Appellant.

UNPUBLISHED
September 26, 2024
12:13 PM

No. 365532
Berrien Circuit Court
LC Nos. 2021-003948-FY;
2021-003950-FY;
2021-003951-FY;
2021-003955-FY;
2021-003963-FY;
2021-003964-FY;
2021-003966-FY

Before: N. P. HOOD, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant, Laquan Shawnell Gordon, Jr., appeals by leave granted[1] the trial court order that denied his objections to the jurisdiction of the criminal division of the Berrien Circuit Court. In 2020, Gordon was charged with 83 criminal offenses in the criminal division of the circuit court. Gordon allegedly committed the offenses in July, August, and September 2020, when he was 17 years old. The prosecution originally filed charges in the criminal division. Following "Raise the Age" legislation, 2019 PA 109, the criminal division transferred his case to the family division for juvenile proceedings. After amendments to the "Raise the Age" legislation, 2021 PA 118, the prosecution voluntarily dismissed the family division charges and refiled the case in the criminal division. At issue is whether Gordon should be tried as an adult in the criminal division or as a juvenile in the family division of the Berrien Circuit Court. We conclude that the family division properly granted the prosecution's motion to voluntarily dismiss, and the prosecution lawfully refiled charges in the criminal division. We therefore affirm.

---

[1] *People v Gordon*, unpublished order of the Court of Appeals, entered August 16, 2023 (Docket No. 365532).

# I. BACKGROUND

This case started with series of violent crimes in Berrien County in July, August, and September 2020, when Gordon was 17 years old. The prosecution charged Gordon in seven separate criminal complaints, alleging various offenses arising out of the violent activity. Gordon was 17 years old when he was charged and arrested. The cases were pending when Gordon turned 19 in November 2021. His nineteenth birthday fell between the passage of the so-called "Raise the Age" law on October 1, 2021, and clarifying amendments on November 30, 2021. During this time Gordon's cases went from the criminal division, to the family division, then back to the criminal division.

## A. ORIGINAL CHARGES IN THE CRIMINAL DIVISION

When Gordon allegedly committed the felonies, he was 17 years old. He turned 18 in November 2020. At the time the prosecution alleged he committed the offenses, and at the time of his arrest, the relevant statutes placed his case within the jurisdiction of the criminal division of the circuit court. At the time, MCL 712A.2(a)(1) stated that the family division had personal jurisdiction over juveniles who were under 17 years old when they committed a crime. See MCL 712A.2(a)(1), as amended by 2019 PA 113, effective October 1, 2021. See also *In re Seay*, 335 Mich App 715, 720; 967 NW2d 883 (2021). MCL 764.27, as amended by 2019 PA 103, effective October 1, 2021, also stated that, if a person under 17 years old was arrested, "the child must be taken immediately before the family division of circuit court . . . ." Further, when Gordon allegedly committed the crimes and when he was arrested, MCL 712A.3(1), as amended by 2019 PA 109, effective October 1, 2021, provided:

> If during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 17 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides.

In other words, in a case pending in any other court, if a person was under 17 years old when the crime occurred, the court must transfer the case to the family division. See *id.*

Gordon was not under the age of 17 during the alleged offenses or his arrest. Under these statutes, because Gordon was not *under* 17 years old when he allegedly committed the crimes, the prosecutor correctly charged Gordon in the criminal division. Gordon turned 18 years old in November 2020. At that time, MCL 712A.5, as amended by 2021 PA 118, effective November 30, 2021, stated that the family division "does not have jurisdiction over a juvenile after he or she attains the age of 18 years . . . ." At the time he was charged, therefore, his case fell within the exclusive jurisdiction of the criminal division.

## B. TRANSFER TO THE FAMILY DIVISION FOLLOWING "RAISE THE AGE" LEGISLATION

On October 1, 2021, when Gordon was 18 years old, and while his cases were pending in the criminal division, our Legislature enacted statutory amendments known as "Raise the Age"

legislation.[2]  Broadly speaking, the legislation increased the age at which a person charged with a crime became subject to criminal proceedings versus a juvenile adjudication.  2019 PA 109 took effect and amended MCL 712A.1 and 712A.3.  The amendment changed the definition of "juvenile" under MCL 712A.1(i) from "a person who is less than 17 years of age who is the subject of a delinquency petition" to "a person who is less than 18 years of age who is the subject of a delinquency petition."  Further, as of October 1, 2021, MCL 712A.3(1) provided, in part:

> if during the pendency of a criminal charge against a person in any other court it is ascertained that the person was under the age of 18 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the person resides.

On the same date, October 1, 2021, 2019 PA 103 became effective, which changed MCL 764.27 to provide that:

> if a child less than 18 years of age is arrested, with or without a warrant, the child must be taken immediately before the family division of circuit court of the county where the offense is alleged to have been committed, and the officer making the arrest shall immediately make and file, or cause to be made and filed, a petition against the child . . . .

The amendment to MCL 764.27 further stated that:

> if during the pendency of a criminal case against a child in a court in this state it is ascertained that the child is less than 18 years of age, the court shall immediately transfer the case, together with all papers connected with the case, to the family division of circuit court . . . .

Here, Gordon turned 18 years old before October 1, 2021.  But because the criminal division judge to whom the cases were originally assigned determined that he was under 18 years old when he allegedly committed the crimes, the trial court transferred Gordon's cases to the family division for him to be tried as a juvenile.

On November 13, 2021, Gordon turned 19 years old.  On November 30, 2021, additional amendments to MCL 712A.3 and MCL 712A.5 became effective through 2021 PA 118.  As of November 30, 2021, MCL 712A.3 provided, in part:

> (1) For an offense occurring before October 1, 2021, if during the pendency of a criminal charge against an individual in any other court it is ascertained that

---

[2] See House Legislative Analysis, HB 4133, HB 4134, HB 4135, HB 4136, HB 4140, HB 4132, HB 4143, HB 4145, HB 4443, HB 4452, SB 0084, SB 0090, SB 0093, SB 0097, SB 0099, SB 0100, SB 0101, and SB 0102 (December 20, 2019).

the individual was under the age of 17 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the individual resides. For an offense occurring on or after October 1, 2021, if during the pendency of a criminal charge against an individual in any other court it is ascertained that the individual was under the age of 18 at the time of the commission of the offense, the other court shall transfer the case without delay, together with all the papers, documents, and testimony connected with that case, to the family division of the circuit court of the county in which the other court is situated or in which the individual resides.

Further, as of November 30, 2021, MCL 712A.5 stated that the family division "does not have jurisdiction over a juvenile after he or she attains the age of 19 years . . . ."

## C. DISMISSAL AND REFILING IN THE CRIMINAL DIVISION AFTER "RAISE THE AGE" AMENDMENTS

Following these amendments, in December 2021, the prosecution moved ex parte to voluntarily dismiss the family division cases. The trial court granted the dismissal and terminated its jurisdiction pursuant to 2021 PA 118.

The prosecution then refiled charges against Gordon in the criminal division, again in seven separate files. In April 2022, Gordon filed a motion objecting to the criminal division's jurisdiction. He argued that the criminal division lacked jurisdiction because he was 17 years old when he allegedly committed the crimes; therefore, the family division had jurisdiction. He moved for the criminal division to dismiss the case or transfer it to the family division, prohibit the use of his preliminary exam transcript at trial other than for cross-examination, and not apply any part of 2021 PA 118 to his cases. The prosecutor argued that the criminal division had jurisdiction over the cases pursuant to MCL 712A.3 because the intent of 2021 PA 118 was to clarify that a person who was 17 years old and who committed crimes before October 1, 2021, should be tried as an adult in the criminal division.

In January 2023, following a hearing and supplemental briefing, the assigned criminal division judge issued an opinion and entered an order denying Gordon's motion and objections. The trial court concluded that, with the correction of MCL 712A.2, Gordon was not subject to the "Raise the Age" amendments, and the prosecution properly charged him as an adult in the criminal division rather than in the family division. She also ruled that MCL 712A.3 did not violate the Ex Post Facto Clauses of the United States and Michigan Constitutions because it did not render innocent conduct criminal but merely addressed a matter of personal jurisdiction.[3] Gordon applied

---

[3] Although apparently argued below, Gordon does not raise an Ex Post Facto Clause argument on appeal. We observe that in this case, Gordon was never exposed to greater penalties for the alleged crimes than he was at the time he is alleged to have committed them, meaning there is unlikely any ex post facto violation. See *People v Patterson*, unpublished per curiam opinion of the Court of Appeals, issued March 16, 2023 (Docket No. 360938), pp 4-6.

for leave to appeal, which this Court granted. *People v Gordon*, unpublished order of the Court of Appeals, entered August 16, 2023 (Docket No. 365532). This appeal followed.

## II. THE CRIMINAL DIVISION HAD JURISDICTION OVER GORDON'S ORIGINAL AND REFILED CHARGES

Gordon primarily argues that the criminal division of the circuit court lacked jurisdiction over his cases, and that the cases should have remained in the family division. We disagree. This question involves the interpretation of statutes and their amendments. As our Supreme Court explained in *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017):

> In interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In doing so, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [(Quotation marks and citations omitted).]

It is undisputed that Gordon was 17 years old when he allegedly committed the criminal offenses in July, August, and September 2020. He was 17 years old when he was arrested in September 2020. Gordon was born in November 2002, and he turned 18 years old in November 2020. He was bound over on the felony charges in the criminal division on October 1, 2020, when the prosecution first charged the case.

Gordon first argues that his cases were properly transferred to the family division after October 1, 2021, and that nothing in the amendments required or allowed the cases to be transferred to the criminal division or dismissed and refiled in the criminal division. We agree that the cases were properly transferred to the family division in October 1, 2021. But we disagree with Gordon regarding the prosecution's dismissal and refiling of charges in the criminal division. Like the earlier transfer, the voluntary dismissal and refiling was also proper.

As discussed, Gordon was 17 years old when the prosecution alleges he committed the felonies at issue. The prosecution initially charged him by filing complaints in the criminal division. This was lawful because, pursuant to the version of MCL 712A.2(a)(1) then in effect, the family division did not have exclusive jurisdiction over him because he was not under 17 years old. Further, under the version of MCL 764.27 then in effect, Gordon was not less than 17 years old when he was arrested, so there was no requirement to bring him before the family division.

After the "Raise the Age" legislation became effective on October 1, 2021, the trial court transferred Gordon's case to the family division pursuant to the amended version of MCL 712A.3(1) because he was under the age of 18 when he allegedly committed the offenses. This was permissible, though not necessarily required. We observe, as amended, MCL 712A.2(a)(1) provided that the family division had "[e]xclusive original jurisdiction" over children under the age of 18, and Gordon was already 18 years old by its effective date of October 1, 2021. So, he was not within the family division's exclusive jurisdiction. Moreover, under the amended version of MCL 764.27, the criminal division did not need to immediately transfer Gordon's case to the family division because Gordon was already over 18 years old at the time. So, under that statute,

-5-

he could have remained in the criminal division. See MCL 764.27 (providing procedures for the appearance or transfer of a child less than 18 years of age who is arrested, or for children under 18 years of age who are determined to be under 18 years of age during the pendency of a criminal case). Accordingly, the only statutory section that apparently required a transfer of Gordon's cases to the family division was MCL 712A.3(1).

Gordon argues that, once the cases were in the family division, the Legislature did not explicitly state in 2021 PA 118 that cases must be transferred back to the criminal division. This may be true, but 2021 PA 118 was still clarifying legislation that applied retroactively to Gordon's cases. See *Detroit v Walker*, 445 Mich 682, 697; 520 NW2d 135 (1994). See also *Mortgage Electronic Registration Sys, Inc v Pickrell*, 271 Mich App 119, 126; 721 NW2d 276 (2006); *People v Patterson*, unpublished per curiam opinion of the Court of Appeals, issued March 16, 2023 (Docket No. 360938), p 4 (concluding that 2021 PA 118 was intended to apply retroactively for a similarly situated defendant). 2021 PA 118, which quickly followed the enactment of 2019 PA 109, corrected the confusion caused by 2019 PA 109 regarding pending cases. The Legislature would have been aware that the amendments would result in transfers back to the criminal division of those cases involving 17-year-old minors who committed crimes before October 1, 2021, if no transfer to the family division was otherwise warranted for those cases.

The clarified version of MCL 712A.3, read together with other applicable statutes, including MCL 764.27, MCL 712A.2(a)(1), and MCL 712A.5, indicates that the "Raise the Age" legislation does not apply to Gordon. Indeed, after the clarification, no statute applied to give the family division jurisdiction over Gordon. Gordon correctly observes that 2021 PA 118 does not explicitly state that cases transferred between October 1, 2021 and November 30, 2021, must be returned, nothing in the legislation indicates that a transfer was impermissible, or that the prosecutor, in her broad authority, could not seek dismissal of the family division cases that were not otherwise within its jurisdiction. See *People v Williams*, 244 Mich App 249, 251-252; 625 NW2d 132 (2001).

Finally, and perhaps most critically, what Gordon characterizes as a "transfer" was actually a voluntary dismissal followed by the prosecution's refiling of charges. Nothing in the "Raise the Age" legislation or subsequent amendments abrogates the prosecution's discretion in this manner. See *id*. at 252 (stating that "the decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor.").

## III. PROSECUTION VALIDLY DISMISSED THE FAMILY DIVISION CHARGES BEFORE REFILING IN THE CRIMINAL DIVISION

Next, Gordon argues that the prosecutor's decision to move ex parte to dismiss in the family division made it, and all subsequent proceedings in the criminal division, void. Gordon's claim is unpersuasive because his defense counsel took a contrary position at the April 2022 hearing on Gordon's motion objecting to the criminal division's jurisdiction before the criminal division judge. There, defense counsel argued that the prosecutor's dismissal in the family division was valid and binding. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) (quotation marks and citation

omitted). We therefore conclude that the criminal division did not err in concluding that the prosecution validly moved ex parte to voluntarily dismiss the charges in the family division.

Further, defense counsel never sought relief in the family division and did not appeal the dismissal. Instead, both parties proceeded to argue the issue of jurisdiction and other matters in the criminal division. A party "may not assign as error on appeal something that [he] deemed proper in the lower court because allowing [him] to do so would permit respondent to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). For the same reason, we reject Gordon's claim that the prosecutor's ex parte motion denied him due process or the assistance of counsel at a critical stage of the proceedings. The issue of jurisdiction was briefed and argued by both parties in the criminal division with full participation and approval of defense counsel.

## IV. SEPARATION-OF-POWERS ARGUMENT

We are not persuaded by Gordon's argument that 2021 PA 118 violates the constitutional principle of separation of powers because it would permit the Legislature to interfere with a final order of the circuit court. As discussed, the amendment did not result in the family division transferring Gordon's case to the criminal division. Rather, the prosecution exercised its authority to voluntarily dismiss the case, then refile charges. Further, Gordon's argument is premised on his claim that the order transferring the cases to the family division was a final order. It was not. See MCR 7.202(6)(b). Finally, because the order was not a final order, it was subject to revision by our Legislature without violating the Separation of Powers Clause. See *Detroit Mayor v Arms Technology, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003).

## V. EQUAL PROTECTION CLAIMS

Finally, Gordon claims that 2021 PA 118 is unconstitutional on its face because it violates the Equal Protection Clauses, which protect every person from unequal treatment. US Const, Am XIV; Const 1963, art 1, § 2. We disagree.

"The party challenging a statute's constitutionality has the burden of proving its invalidity." *People v Trinity*, 189 Mich App 19, 21; 471 NW2d 626 (1991). "Statutes are presumed to be constitutional unless their unconstitutionality is readily apparent." *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004). To establish that a statute is facially unconstitutional, a defendant must show that there is no set of circumstances under which the statute could be constitutionally applied. *People v Burkett*, 337 Mich App 631, 637-638; 976 NW2d 864 (2021). Gordon does not argue that 2021 PA 118 results in classifications based on suspect factors, and he concedes that this Court should apply rational-basis review. As our Supreme Court explained in *Crego v Coleman*, 463 Mich 248, 259-260; 615 NW2d 218 (2000):

> Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose. *Dandridge v Williams*, 397 US 471, 485; 90 S Ct 1153; 25 L Ed 2d 491 (1970). To prevail under this highly deferential standard of review, a challenger must show that the legislation is "arbitrary and wholly unrelated in a rational way to the objective of the statute." *Smith v Employment Security Comm*, 410 Mich 231, 271; 301 NW2d

285 (1981). A classification reviewed on this basis passes constitutional muster if the legislative judgment is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable. *Shavers v Attorney General*, 402 Mich 554, 613-614; 267 NW2d 72 (1978). Rational-basis review does not test the wisdom, need, or appropriateness of the legislation, or whether the classification is made with "mathematical nicety," or even whether it results in some inequity when put into practice. *O'Donnell v State Farm Mut Automobile Ins Co*, 404 Mich 524, 542; 273 NW2d 829 (1979). Rather, the statute is presumed constitutional, and the party challenging it bears a heavy burden of rebutting that presumption. *Shavers*, *supra*.

"[T]he Legislature need not have actually articulated a particular rationale, and it is sufficient if the Court can identify an interest that may have reasonably been the rationale." *People v James*, 326 Mich App 98, 107; 931 NW2d 50 (2018).

We hold that the Legislature's clarification of the "Raise the Age" legislation through 2021 PA 118 was related to a legitimate interest and rationale to advise circuit courts how to implement changes made in the "Raise the Age" legislation. There was necessarily a date when the new age cut-off would become effective, and any date on which a new statute becomes effective will cause different people to be treated differently depending upon the nature of the legislation. This, however, does not render the legislation constitutionally unsound as treating similarly situated people differently.

Gordon also argues that 2021 PA 118 is unconstitutional as applied to him under equal protection principles. We are similarly unpersuaded by his as-applied challenge. To prevail on this claim, a "defendant must show both that (1) he 'has been intentionally treated differently from others similarly situated,' and (2) 'there is no rational basis for the difference in treatment.' " *Id*. at 106, quoting *Willowbrook v Olech*, 528 US 562, 564; 120 S Ct 1073; 145 L Ed 2d 1060 (2000). Other than asserting the claim, Gordon fails to explain how he was treated differently than other similarly situated people. As discussed, other statutory sections provided that, as an 18-year-old when the "Raise the Age" statutes went into effect, Gordon's cases belonged in the criminal division rather than the family division, and this does not violate equal protection principles.

Gordon also claims that 2021 PA 118 is facially unconstitutional because it violates the Due Process Clauses of the United States and Michigan Constitutions. However, because he sets forth no specific argument or legal analysis to support his assertion that 2021 PA 118 violates due process on its face or as applied, he has abandoned this issue, and we decline to address it. See *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016).

We affirm.

/s/ Noah P. Hood
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado